IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-231-D

| | | |
|---|---|---|
| FLETCHER DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On January 5, 2012, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R"). In that M&R, Judge Daniel recommended that plaintiff's motion for judgment on the pleadings be granted in part and denied in part, that defendant's motion for judgment on the pleadings be denied, and that the action be remanded to permit the Administrative Law Judge ("ALJ") to address the NCDHHS Medicaid award in making his determination regarding claimant's alleged disability [D.E. 52]. On January 19, 2012, defendant filed objections to the M&R [D.E. 53]. On February 2, 2012, plaintiff filed a response to defendant's objections [D.E. 55].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, the briefs, defendant's objections, and plaintiff's response. In the M&R, Judge Daniel states that:

> In the present case, the undersigned cannot conclude that the ALJ thoroughly considered and discounted the same evidence on which the NCDHHS decision was based. Furthermore, this Court has remanded cases where the ALJ failed to specifically mention a NCDHHS decision and merely cited to SSR 06-03p.

M&R at 11 (citations omitted). Defendant objects and states that Judge Daniel erred in determining that the ALJ did not consider a one page NCDHHS decision. See Def.'s Obj. at 5.

As Judge Daniel noted, the court cannot determine whether the ALJ considered and discounted the same evidence on which the NCDHHS decision was based. Thus, Judge Daniel recommends that the case be remanded for further consideration. This court agrees with Judge Daniel's recommendation, and remands the case under sentence four of 42 U.S.C. § 405(g). In doing so, the court expresses no opinion on how the defendant should view the evidence or what findings defendant should make. These issues are for defendant to consider and resolve.

In sum, the court adopts the conclusions in the M&R [D.E. 52]. Defendant's objections [D.E. 53] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 47] is GRANTED IN PART and DENIED IN PART, defendant's motion for judgment on the pleadings [D.E. 49] is DENIED, and the action is REMANDED to the Commissioner for proceedings as set forth in the M&R.

SO ORDERED. This 17 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge

2